UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

**FILED**

**MAY 06 2016**

CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL LEE LONG, JR.,<br><br>Defendant. | 3:15-CR-30118-RAL<br><br><br>OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS CERTAIN COUNTS OF THE SUPERSEDING INDICTMENT |

Defendant Michael Lee Long, Jr. ("Long") moves to dismiss five of the seven counts of the Superseding Indictment. Doc. 37. Specifically, Long moves to dismiss Counts II, III, VI, and VII based on multiplicity under the Fifth Amendment's Double Jeopardy Clause, and Count IV because the predicate offense is an uncounseled tribal court conviction. Doc. 37; Doc. 38 at 2-9. The Government opposes the motion. Doc. 39. For the reasons stated below, judgment is deferred on whether Counts II, III, VI, and VII are multiplicitous and whether the predicate offense to Count IV can be used under 18 U.S.C. § 921(A)(33)(B), otherwise the motion is denied.

**I. FACTS**

On November 14, 2015, Long was arrested on a two-count Indictment, charging him with Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3) and Using a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C.

1

§ 924(c)(1)(A). Doc. 1. Included in the Indictment was a forfeiture provision, requesting forfeiture of a "Glock Model 27, 40 caliber pistol." Doc. 1 at 2. The Indictment alleged that Long assaulted "Cynthia Jones" with a dangerous weapon, namely, the pistol, and that Long knowingly brandished, discharged, carried, and used the pistol during commission of that offense. Doc. 1.

The allegations[1] surrounding the Indictment are that on May 17, 2015, near Rosebud, South Dakota, Cynthia Jones-Bear Robe drove to the Paul Mart Convenience Store ("Paul Mart") and was accompanied by her daughter, K.J. and her daughter's boyfriend, Robert Kills in Water. Doc. 39 at 1. Jones Bear-Robe went inside the convenience store while K.J. and Kills in Water remained in the vehicle. Doc. 39 at 1. K.J. observed Long and his wife enter Paul Mart after Jones Bear-Robe. Doc. 39 at 1. While in the store, Long allegedly made intimidating remarks to Jones Bear-Robe. Doc. 39 at 1. Jones Bear-Rob left the store, got into the vehicle, and called law enforcement. Doc. 39 at 1. Long also left the store, returning to his own vehicle. Doc. 39 at 1. Jones Bear-Robe then got out of her vehicle and walked toward Long's vehicle reportedly to retrieve Long's license plate number. Doc. 39 at 1. Long then got out of his vehicle and followed Jones Bear-Robe as she walked to her vehicle and got into the passenger seat. Doc. 39 at 1. According to the Government, Long "approached the vehicle, opened the door, and pointed a handgun at [Jones Bear-Robe]. He then pointed the handgun inside the vehicle and said he was going to kill everyone. At that point [K.J.] put the vehicle in reverse and

---

[1] Facts supporting the indictment were drawn from both the Government's and Long's briefs. Docs. 38, 39.

2

backed up, knocking over [Long].  [Long] got up on one knee and fired at the vehicle, striking the radiator."  Doc. 39 at 2.  According to Long, only a single shot was fired.[2]  Doc. 38 at 1.

On March 15, 2016, the Government filed a Superseding Indictment which added five counts: two counts of Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 1153 and 113(a)(3), two counts of Using a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A), and a single count of Prohibited Person in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(9), 924(a)(2), and 924(d).  Doc. 33.  The additional assault counts named K.J. and Robert Kills in Water as alleged victims, which in turn are the bases for separate counts of the use of a firearm during a crime of violence.  Doc. 33.  The single count of Prohibited Person in Possession of a Firearm is based on an alleged previous misdemeanor conviction of Long for domestic violence in Rosebud Sioux Tribal Court.  Doc. 33; Doc. 39 at 2.  The Government submits that Long "was advised of his constitutional and statutory rights and plead guilty to Domestic Abuse" in the Rosebud Sioux Tribal Court and that "the Rosebud Sioux Tribe Constitution includes the right to be represented by counsel."  Doc. 39 at 4.  Long asserts, however, that he "was not represented by counsel, and [that] he did not waive his right to counsel" in the domestic abuse case.[3]

---

[2] The Government's facts do not specify whether a single shot or multiple shots were fired at the vehicle, stating only that Long "fired at the vehicle, striking the radiator."  Doc. 39 at 2.

[3] Long's brief does state that "[t]he paperwork underlying the alleged conviction is particularly confusing, but there is at least some indication that a Mike Long, Jr. might have been convicted in 2011 of a Tribal offense of 'Domestic Abuse.'"  Doc. 38 at 5.

3

## II. DISCUSSION

### A. Multiplicity

Counts II and III of the Superseding Indictment charge Long with allegedly assaulting K.J. and Robert Kills in Water with a dangerous weapon. Doc. 33. Counts VI and VII of the Superseding Indictment charge Long with allegedly brandishing, discharging, carrying, and using a fireman during and in relation to a crime of violence, namely the assaults alleged in Counts II and III. Long moves to dismiss Counts II, III, VI, and VII of the Superseding Indictment for multiplicity. Doc. 38 at 2. Long argues that he has a constitutional right to this relief under the Double Jeopardy Clause of the Fifth Amendment and that the multiple counts for a single fired shot exposes him to "impermissible cumulative punishment for the same alleged course of conduct and will prejudice the jury by suggesting [that Long] has committed several separate crimes."[4] Doc. 38 at 2–3. Long maintains that "it is inconceivable that a single bullet shot at the bottom of the grill of a car could have been intended to directly injure all three of its occupants." Doc. 38 at 3.

"An indictment is multiplicitous if it charges the same crime in two counts." United States v. Siers, No. CR 11-30131-RAL, 2011 WL 6826805, at *1 (D.S.D. Dec. 28, 2011) (quoting United States v. Sandstrom, 594 F.3d 634, 651 (8th Cir.2010)). "A multiplicitous

---

[4] Long, under the original Indictment, faced a term of imprisonment of "not less than 10 years" on the § 924(c) count, which, pursuant to § 924(c)(1)(D) must be served consecutively to "any other term of imprisonment . . . including any term . . . imposed for the crime of violence. 18 U.S.C. § 924(c)(1)(A), (D). The Superseding Indictment, which now charges Long with three separate violations of § 924(c), increases Long's possible time of incarceration, if convicted on all such counts, to a minimum of 30 years imprisonment, consecutive to any other sentence.

4

indictment is impermissible because the jury can convict the defendant on both counts, subjecting the defendant to two punishments for the same crime in violation of the double jeopardy clause of the fifth amendment." Id. (quoting Sandstrom, 594 F.3d at 651). "Demonstrating that an indictment violates the double jeopardy clause requires the defendant to show that the two offenses charged are in law and fact the same offense." United States v. Two Elk, 536 F.3d 890, 898 (8th Cir.2008) (internal quotation omitted). Where a defendant is charged with multiple violations of the same statute, "the question is whether Congress intended the facts underlying each count to constitute a separate unit of prosecution." United States v. Hinkeldey, 626 F.3d 1010, 1013 (8th Cir.2010) (internal quotation omitted). There is no double jeopardy violation if each offense requires proof of an element not required by the other. United States v. Carpenter, 422 F.3d 738, 747 (8th Cir. 2005); see also Blockburger v. United States, 284 U.S. 299, 304 (1932) ("[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). Additionally, there is no double jeopardy violation where a statute specifically authorizes cumulative punishment under two statutes. United States v. Mills, 835 F.2d 1262, 1264 (8th Cir. 1987) (per curiam).

Counts II and III of the Superseding Indictment are not multiplicitous to one another or to Count I and do not violate the Double Jeopardy Clause of the Fifth Amendment because each offense requires proof of an element not required by the others, namely that Long allegedly assaulted Cynthia Jones-Bear Robe in Count I, K.J. in Count II, and Robert Kills in Water in Count III. United States v. Hoover, 543 F.3d 448, 456 (8th Cir. 2008) (finding no double jeopardy violation where separate counts required government to prove that defendant killed two

5

separate victims); see also Carpenter, 422 F.3d at 747. Contrary to Long's assertions, the addition of Counts II and III in the Superseding Indictment will not prejudice the jury by suggesting that Long committed several separate offenses.

However, the additional use of firearm during a crime of violence counts, Counts VI and VII, present a different and more challenging question. Section 924(c)(1)(A) punishes "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A); see also United States v. Gregg, 376 F. Supp. 2d 949, 951–52 (D.S.D. 2005) ("The essential elements of the crime of using a firearm in a crime of violence in violation of 18 U.S.C. § 924(c) are that 'the defendant committed a felony and that he used a firearm during the commission of that felony, as well as the essential facts underlying the charge.'" (quoting Mills, 835 F.2d at 1264)). The United States Court of Appeals for the Eighth Circuit has held that § 924(c) clearly authorizes cumulative punishment, because § 924(c)(1)(A) provides that the punishment for use of a firearm during a crime of violence "*shall*" be imposed "*in addition to* the punishment provided for such crime of violence." Mills, 835 F.2d at 1264.

The question in this case is whether simultaneous and multiple violations of the same federal statute can support multiple § 924(c) charges. The Government tersely argues that the § 924(c) counts are not multiplicitous because each count references back to the assault counts which contain three different victims. Doc. 39 at 3. The Government does not cite any cases in support of that theory. Long, however, anticipating that the Government's response, cited to and distinguished the United States Court of Appeals for the Eighth Circuit case of United States v.

6

Sandstrom, 594 F.3d 634 (8th Cir. 2010). Sandstrom held that separate predicate offenses that occur simultaneously and with the single use of a firearm can support two § 924(c) convictions. Id. at 658–59. The facts presented in that case involved the death of one victim which gave rise to two underlying offenses: shooting a victim because of his race and killing a victim to prevent him from reporting a crime to law enforcement. Id. at 656–57.

In Sandstrom, the Eighth Circuit undertook an examination of precedent relating to multiple § 924(c)(1) charges. The Eighth Circuit noted that in United States v. Freisinger, 937 F.2d 383, 389 (8th Cir. 1991), overruled on other grounds by United States v. Bentley, 561 F.3d 803 (8th Cir. 2009), the Court had "acknowledged in dicta the potential permissibility of multiple convictions for the single use of a firearm based on multiple predicate offenses." Sandstrom, 594 F.3d at 658. Freisinger discussed a Tenth Circuit decision, United States v. Chalan, 812 F.2d 1302 (10th Cir. 1987), which found that only one § 924(c) conviction could be maintained because the multiple underlying offenses—felony murder and burglary, where the burglary supported the felony murder charge—were but a single offense. Chalan, 937 F.2d at 389. The Eighth Circuit noted the following in a footnote in reference to Chalan:

> Since only one firearm was involved and only one crime of violence occurred, there was simply no legal basis for more than one section 924(c)(1) conviction. Obviously, under such circumstances multiple section 924(c)(1) convictions would constitute double jeopardy.

Freisinger, 937 F.2d at 390, n.7. The Eighth Circuit has explained that "[w]hat distinguishes one offense from another and gives them separate legal identities is the 'use' attributed to the firearm: each separate use of a firearm constitutes a separate offense, even where there is only

7

one predicate drug-trafficking crime." United States v. Canterbury, 2 F.3d 305, 306 (8th Cir. 1993) (citing United States v. Lucas, 932 F.2d 1210, 1223 (8th Cir. 1991)).[5]

After examining precedent, the Eighth Circuit in Sandstrom held that there was a legal basis for more than one § 924(c) conviction "because one firearm was used to commit two different offenses;" the defendants used the firearm during the commission of a crime of violence of shooting a victim because of his race and used the firearm during the commission of a crime of violence of killing a victim to prevent him from reporting a crime to law enforcement. 594 F.3d at 659. Those two predicate crimes were distinguishable from each other because of the manner in which the firearm was used, "even though the offenses occurred simultaneously." Id.

This case may be distinguishable from Sandstrom depending on the intent Long had when he allegedly used the firearm to shoot at the vehicle with three occupants on May 17, 2015. On the one hand, the Government avers that Long pointed the handgun inside the vehicle, said he was going to kill everyone, and then after the vehicle was driving away, he fired at the vehicle. Doc. 39 at 2. On the other hand, Long argues that "it is inconceivable that a single bullet shot . . . could have been intended to directly injure all three of its occupants." Doc. 38 at 3. This Court finds that deferring decision on whether there is only one or multiple § 924(c) violations is appropriate because the Court has not heard any evidence. This ruling seems best made at the

_____

[5] In Lucas, the Eighth Circuit affirmed a district court finding that multiple guns supported only two violations of § 924(c). 932 F.2d at 1223. One of the fourteen firearms in the defendant's home (a pistol) was used to protect the defendant and his family, and the other gun (a machine gun which was found in another part of the home) was used to protect a crack cocaine laboratory. Id.

8

close of the government's case when this Court can better gauge if there exists sufficient evidence to support submission of separate § 924(c) offenses to the jury.

**B. Use of Uncounseled Prior Tribal Conviction as Predicate Offense under 18 U.S.C. § 922(g)(9)**

Next, Long moves to dismiss Count IV of the Superseding Indictment, the Prohibited Person in Possession of a Firearm violation, because the predicate offense of domestic violence was uncounseled and should not be used under 18 U.S.C. § 921(a)(33)(B). Doc. 38 at 5. Additionally, Long argues that dismissal of Count IV is appropriate under the Sixth Amendment and the Due Process Clause of the Fifth Amendment. Long's statutory and constitutional arguments will be addressed separately.

**1. Statutory Argument**

"[T]he term 'misdemeanor crime of domestic violence'" includes a misdemeanor under tribal law.[6] 18 U.S.C. § 921(33)(A). 18 U.S.C. § 921(a)(33)(B)(i) then provides as follows:

A person shall not be considered to have been convicted of such an offense for purposes of this chapter, unless—

(I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and

(II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either

(aa) the case was tried by a jury, or

(bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

---

[6] Long does not contend that the predicate offense of domestic violence does not qualify as a misdemeanor crime of domestic violence under 18 U.S.C. § 921(a)(33)(A). Therefore, this Court will assume for purposes of this motion that Long's misdemeanor conviction for domestic violence in the Rosebud Sioux Tribal Court is a misdemeanor crime of domestic violence under § 921(a)(33)(A).

9

In the case of United States v. First, 731 F.3d 998 (9th Cir. 2013), the Ninth Circuit held that "a misdemeanor conviction obtained in tribal court may qualify as a predicate offense to a § 922(g)(9) prosecution so long as the defendant was provided whatever right to counsel existed in the underlying misdemeanor proceeding." Id. at 1009. In that case, First was convicted in Fort Peck Tribal Court in Montana for domestic assault under tribal law, a charge that carried a maximum imprisonment term of three months and a $500 fine. Id. at 1001. First pleaded guilty to the charge and was sentenced to a thirty day suspended jail sentence and 120 days probation. Id. First was indigent, unable to afford his own counsel, and was not offered the assistance of court-appointed counsel. Id. First did not argue that he was deprived of his right to retain counsel. Id. at 1003. Although First's suspended jail sentence would have triggered Sixth Amendment protection in state or federal court, Alabama v. Shelton, 353 U.S. 654, 658 (2002), the Ninth Circuit noted that First's conviction was validly obtained under tribal law because Indian tribes are quasi-sovereign nations and the right to appointed counsel is available only for defendants facing a term of imprisonment greater than one year. First, 731 F.3d at 1002–03; see also 25 U.S.C. § 1302. The Ninth Circuit found that a validly obtained misdemeanor conviction in tribal court qualifies as a predicate offense under § 922(g)(9) because in § 921(a)(33)(B)(i)(I), the words "in the case" in the phrase "right to counsel in the case" modify "right to counsel." Id. at 1004 (stating that the words "'in the case' . . . could not plausibly refer to any other proceeding"). The Ninth Circuit supported its holding by referring to the Eighth Circuit case of United States v. Smith, 171 F.3d 617 (8th Cir. 1999), in which the Eighth Circuit "implicitly read the 'right to counsel' provision in § 921(a)(33)(B) as referring to the right that existed in the underlying [state] proceeding." First, 731 F.3d at 1005.

Long urges this Court not to follow First.  According to Long, First's holding is based on an "inexplicable leap of logic" because First "decided that there existed no right to counsel, so there would be no need to waive it, so therefore it must have been knowingly and intentionally waived."  Doc. 38 at 6.  Long also claims that in Smith, the Eighth Circuit analyzed whether Smith's waiver of counsel was valid under state and federal law before utilizing Smith's conviction as predicate offense to a § 922(g)(9) prosecution.  Doc. 38 at 6.  Long acknowledges that there is no right to a jury trial in the tribal court, but argues that Count IV should be dismissed because Long "was not represented by counsel, and he did not waive his right to counsel" in the tribal offense.  The Government counters that because Long "was advised of his constitutional and statutory rights and plead guilty to Domestic Abuse" in the Rosebud Sioux Tribal Court and because "the Rosebud Sioux Tribe Constitution includes the right to be represented by counsel," Long's tribal conviction meets the statutory requirements under § 921(a)(33)(B)(i).  Doc. 39 at 4.

This Court wants to hear from counsel at the pretrial conference and motion hearing before ruling on this issue.  Thus, ruling is deferred at this time.

### 2. Constitutional Argument

Finally, Long argues that the uncounseled tribal conviction cannot serve as a predicate offense to Count IV of the Superseding Indictment because doing so would violate his Sixth Amendment right to counsel and the Due Process Clause of the Fifth Amendment.  Doc. 38 at 7.  The Government argues that even if the tribal conviction were uncounseled, Court IV is not defective under the Eighth Circuit's holding in United States v. Cavanaugh, 643 F.3d 592 (8th Cir. 2011).  Doc. 39 at 5.  In Cavanaugh, the Eighth Circuit held that the Constitution does not

11

Case 3:15-cr-30118-RAL Document 50 Filed 05/06/16 Page 12 of 13 PageID #: 225

preclude use of an uncounseled tribal court conviction in a 18 U.S.C. § 117(a)[7] prosecution "merely because [the conviction] would have been invalid had it arisen from a state or federal court."[8] 643 F.3d at 604 (emphasis omitted). Long recognizes Cavanaugh's holding, but wishes to preserve this argument in the event that Cavanaugh is overruled by the United States Supreme Court's upcoming decision in United States v. Bryant, 769 F.3d 671 (9th Cir. 2014), cert. granted, 84 U.S.L.W. 3200 (U.S. Dec. 14, 2015) (No. 15-420). The Supreme Court granted certiorari in Bryant to consider "whether reliance on valid, uncounseled tribal-court misdemeanor convictions to prove Section 117(a)'s predicate-offense element violates the Constitution." Brief for the United States at *I, United States v. Bryant, — U.S. — (—) (No. 15-420).[9] Given the current state of the law, Cavanaugh directs that Long's motion to dismiss Count IV of the Superseding Indictment based on the Fifth and Sixth Amendments be denied.

## III. CONCLUSION

For the foregoing reasons, it is hereby

---

[7]Section 117(a) allows for prosecution of the offense of domestic assault by a habitual offender if the government can prove that the defendant received "a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings" for certain abuse offenses.

[8] The Eighth Circuit holding was premised on the absence of allegations of irregularities or claims of actual innocence, both of which Long has not asserted in this case. See Cavanaugh, 643 F.3d at 605.

[9] Oral argument was heard in Bryant on April 19, 2016. No. 15-420, Supreme Court of the United States, available at http://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-420.htm.

ORDERED that judgment is deferred on whether Counts II, III, VI, and VII are multiplicitous and whether the predicate offense to Count IV can be used under 18 U.S.C. § 921(A)(33)(B), otherwise Long's Motion to Dismiss, Doc. 37, is denied.

DATED this 6th day of May, 2016.

                                   BY THE COURT:

                                   ROBERTO A. LANGE
                                   UNITED STATES DISTRICT JUDGE

13